**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JMA ENERGY COMPANY, L.L.C., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. CIV-08-738-M |
| ) | |
| BJ SERVICES COMPANY, U.S.A., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Providence Minerals, LLC, Ralph Smith Revocable Trust Dated 8/14/97, Grizzly Production Company, LLC, Kent J. Harrell Revocable Trust Dated 1/19/95, and Panhandle Oil and Gas Inc.'s ("Plaintiff-Intervenors") Motion for Intervention of Right and Remand to the District Court of Washita County, filed November 6, 2008. On November 24, 2008, Defendant filed its response and objection, and on December 5, 2008, Plaintiff-Intervenors filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiffs own separate working interests in the Harbuck No. 1-12 well (the "Well"). Specifically, Plaintiff JMA Energy Company, L.L.C. is the operator of and a working interest owner in the Well, and the other plaintiffs are non-operating working interest owners in the Well. Plaintiff-Intervenors are also working interest owners in the Well who are not currently parties to this action. Defendant is an oil and gas well service company.

The Well was allegedly damaged by an improper fracture treatment performed by Defendant. Plaintiffs sued Defendant in the District Court of Washita County, Oklahoma on May 9, 2008, to recover damages sustained as a result of Defendant's alleged conduct. Defendant removed the instant action to this Court on July 18, 2008. Subsequent to the removal of the case, Plaintiff-

Intervenors were notified of the pending action and now move this Court to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) and to remand this action to the District Court of Washita County, Oklahoma.

II.   Discussion

   A.   Intervention

   Rule 24(a) provides, in pertinent part:

>   **(a)   Intervention of Right.**  On timely motion, the court must permit anyone to intervene who:
>   \*   \*   \*
>   (2)   claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  Rule 24(a) establishes four requirements for intervention of right: (1) the application must be timely; (2) the applicant must claim an interest relating to the property or transaction which is the subject of the action; (3) the applicant's ability to protect his interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties.  *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).  The Tenth Circuit "follows a somewhat liberal line in allowing intervention." *Id.* (internal quotations and citation omitted).

   "[T]he factors mentioned in the Rule are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation.  Those factors are not rigid, technical requirements." *San Juan County, Utah v. United States*, 503 F.3d 1163, 1195

(10th Cir. 2007). "Intervention should be granted of right if the interests favoring intervention outweigh those opposed." *Id.*

### 1. Timeliness

"The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n*, 255 F.3d at 1250 (internal quotations and citation omitted). Having carefully reviewed the parties' submissions, the Court finds that Plaintiff-Intervenors' motion to intervene is timely. At the time Plaintiff-Intervenors filed their motion, this case was in the early stages of litigation. No activity took place in state court prior to the case being removed to this Court, and at the time Plaintiff-Intervenors filed their motion, document discovery was in the initial stages and no substantive motions had been filed. The Court, therefore, finds no prejudice to the existing parties. Further, Plaintiff-Intervenors did not know of their interest in this case until after it was removed, and, thus, the Court finds Plaintiff-Intervenors did not delay in filing their motion to intervene. The Court, therefore, finds that Plaintiff-Intervenors have satisfied the timeliness requirement.

### 2. Interest

Under Rule 24(a)(2), Plaintiff-Intervenors must "claim[] an interest relating to the property or transaction that is the subject of the action." "[T]he interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *San Juan County*, 503 F.3d at 1195 (internal quotations and citation omitted).

The Well which was allegedly damaged by Defendant is the subject of the case at bar. It is undisputed that Plaintiff-Intervenors are owners of working interests in the Well. Plaintiff-Intervenors also allege that they have suffered damages based upon the allegedly improper fracture treatment performed by Defendant. Based upon the above, the Court finds that Plaintiff-Intervenors clearly have an interest in the property, the Well, which is the subject of this action. The Court, therefore, finds that Plaintiff-Intervenors have satisfied the interest requirement.

### 3. Impairment of ability to protect interest

Rule 24(a)(2) also requires Plaintiff-Intervenors to demonstrate that the disposition of this action may as a practical matter impair or impede their ability to protect their interests. Because Rule 24(a)(2) refers to impairment as a practical matter, "the court is not limited to consequences of a strictly legal nature." *Utah Ass'n*, 255 F.3d at 1253 (internal quotations omitted). Further, "[t]o satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Id.* (internal quotations and citations omitted). Additionally, "where a proposed intervenor's interest will be prejudiced if it does not participate in the main action, the mere availability of alternative forums is not sufficient to justify denial of a motion to intervene." *Id.* at 1254 (internal quotations and citation omitted). Finally, "the *stare decisis* effect of the district court's judgment is sufficient impairment for intervention under Rule 24(a)(2)." *Id.* (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that the disposition of this action may as a practical matter impair or impede Plaintiff-Intervenors' ability to protect their interests. If Plaintiff-Intervenors do not intervene in this action, in order to seek redress for the damages allegedly caused by Defendant, Plaintiff-Intervenors will have to institute a separate suit

in state court. While a judgment in the instant action will not be binding on Plaintiff-Intervenors, the Court finds that, as a practical matter, it would be unrealistic to assume that such judgment would have no influence whatsoever in Plaintiff-Intervenors' state court litigation. *See Bloch v. Sun Oil Corp.*, 335 F. Supp. 190, 195-96 (W.D. Okla. 1971) (finding practical prejudice of judgment to persons not present, even though such judgment would not bind them nor constitute res judicata). Thus, in light of this significant potential risk of impairment to Plaintiff-Intervenors' interests, the Court finds Plaintiff-Intervenors have met their minimal burden of establishing a potentially impaired interest and, therefore, have satisfied the impairment of ability to protect interest requirement.

### 4.   Inadequacy of representation

Finally, Rule 24(a)(2) requires Plaintiff-Intervenors to demonstrate that their interests may not be adequately represented by the existing parties. "Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the minimal one of showing that representation may be inadequate." *Utah Ass'n*, 255 F.3d at 1254 (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds that Plaintiff-Intervenors have demonstrated that their interests in the Well may not be adequately represented by Plaintiffs. While Plaintiffs' and Plaintiff-Intervenors' claims against Defendant are identical, Plaintiffs and Plaintiff-Intervenors have separate ownership interests in the Well which do not overlap. Therefore, if Plaintiff-Intervenors are not allowed to intervene and Plaintiffs prevail in this action, Plaintiff-Intervenors will recover no damages. The Court, thus, finds that Plaintiff-Intervenors' interests in

the Well would, in fact, not be represented at all in the instant litigation. Accordingly, the Court finds that Plaintiff-Intervenors have satisfied the inadequacy of representation requirement.

### 5. Conclusion

Therefore, for the reasons set forth above, the Court finds that Plaintiff-Intervenors are entitled to intervene as of right pursuant to Rule 24(a)(2).

### B. Jurisdiction

This action was removed to this Court on the basis of diversity jurisdiction. It is undisputed that Providence Minerals, LLC ("Providence"), who is seeking to intervene as a party plaintiff in this case, is a citizen of the state of Texas for purposes of determining diversity jurisdiction. Defendant is also a citizen of Texas for purposes of determining diversity jurisdiction. The intervention of Plaintiff-Intervenors, and specifically Providence, therefore, will result in a lack of complete diversity.

Typically, "diversity jurisdiction, once established, is not defeated by the addition of a non-diverse party to the action." *Salt Lake Tribune Publ'g Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003). However, diversity jurisdiction will be destroyed if the intervening, non-diverse party was indispensable to the action at the time it commenced. *Id.* This Court, therefore, must now determine whether Plaintiff-Intervenors, and specifically Providence, was indispensable at the time the case at bar commenced.

Whether a party is indispensable is determined by considering the factors set forth in Federal Rule of Civil Procedure 19. *Id.* "The analysis has two parts: first, [the court] must determine whether a party is necessary under 19(a); second, [the court] must determine whether [the party] is indispensable under 19(b). In making these determinations, [the court] evaluate[s] the facts as they

exist[ed] when the case [was] filed, and not by what happens later." *Id.* at 1096-97 (internal quotations and citations omitted).

Rule 19(a) provides, in pertinent part:

> **(a) Persons Required to Be Joined if Feasible.**
> **(1)** *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>   \*          \*          \*
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interests; . . . .

Fed. R. Civ. P. 19(a)(1)(B)(i).[1]

For the reasons set forth in the Court's analysis of whether Plaintiff-Intervenors are entitled to intervene as of right pursuant to Rule 24(a)(2), the Court finds that Providence claims an interest relating to the subject of this action, the Well, and is so situated that disposing of the action in its absence may, as a practical matter, impair or impede its ability to protect its interests in the Well. Accordingly, the Court finds Providence is necessary under Rule 19(a).

Rule 19(b) provides:

> **(b)** **When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

---

[1] In their motion, Plaintiff-Intervenors assert they qualify as necessary parties under Rule 19(a)(1)(B)(i).

>    **(1)**   the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>    **(2)**   the extent to which any prejudice could be lessened or avoided by:
>       **(A)**   protective provisions in the judgment;
>       **(B)**   shaping the relief; or
>       **(C)**   other measures;
>    **(3)**   whether a judgment rendered in the person's absence would be adequate; and
>    **(4)**   whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b).

Having carefully reviewed the parties' submissions, the Court finds that, in equity and good conscience, this action should not proceed without Providence. As set forth above, the Court finds that there is a significant potential risk of prejudice to Providence based upon the likely influence a judgment in this action would have in Providence's state court litigation. Further, the Court finds that because Providence cannot be legally bound by a judgment in this case, language in any judgment limiting relief to those parties before the Court would be a useless act, and the Court knows of no means to prevent the state court from using, or not using, this Court's decision as precedent in the state court case. As this possibility is the basis of Providence's prejudice, the Court finds that limitation of the scope and effect of a judgment in this case will not lessen nor avoid the prejudice to Providence arising from the precedential effect of such judgment. Additionally, the Court finds that a judgment rendered in Providence's absence would not be adequate because Providence would recover no damages for the alleged injury to its interest in the Well. The Court further finds that Plaintiffs will have an adequate remedy in this case because, as set forth below, this case will be remanded to the District Court of Washita County, Oklahoma.

Finally, the Court finds there are other factors which militate against proceeding with this case. First, there is a risk that the state court in Providence's litigation would render an inconsistent decision to that rendered in this action. Second, judicial economy is not served by retaining this case. The entire controversy regarding Defendant's alleged damage to the Well will not be resolved through the case at bar; to obtain any redress for its damages, Providence would have to institute another lawsuit in state court. A multiplicity of litigation would result, and the efforts of more than one court would be devoted to what is a single controversy.

Accordingly, the Court finds that Providence was indispensable at the time this action commenced. Therefore, because Plaintiff-Intervenors are entitled to intervene as a matter of right pursuant to Rule 24(a), and because Providence was indispensable at the time this action commenced, the Court finds that it lacks subject matter jurisdiction over this case.

C.   Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c) (emphasis added). "The plain language of § 1447(c) gives no discretion to dismiss rather than remand an action removed from state court over which the court lacks subject-matter jurisdiction." *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 557-58 (10th Cir. 2000) (internal quotations and citation omitted).

Because this Court lacks subject matter jurisdiction over this case, the Court finds that this matter should be remanded to the District Court of Washita County, Oklahoma.

III.   Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff-Intervenors' Motion for Intervention of Right and Remand to the District Court of Washita County [docket no. 20] and REMANDS this action to the District Court of Washita County, Oklahoma.

**IT IS SO ORDERED this 26th day of June, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE